IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHAWN M. SINGLETON                                                                PETITIONER

VS.                                                   CIVIL ACTION NO. 2:15cv150-KS-FKB

WARDEN BRIAN LADNER                                                          RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus filed by Shawn M. Singleton and Respondent's motion to dismiss the petition as untimely. The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Singleton was indicted for the robbery and murder of 73-year-old Elmer Dobbins in a lawn mower repair shop behind Dobbins's house.  The evidence at trial indicated that Singleton and Doris Vann had committed the crime and then used the money for a drug and alcohol binge afterwards, accompanied by a third individual.  Singleton was tried and convicted in the Circuit Court of Clarke County, Mississippi, and sentenced to a term of life imprisonment without parole.  The Mississippi Court of Appeals affirmed Singleton's convictions and sentences on October 21, 2008.  *Singleton v. State*, 1 So. 3d 930 (Miss. Ct. App. 2008).  His petition for rehearing was denied on February 10, 2009.  He did not file a petition for a writ of certiorari to the Mississippi Supreme Court.  Because he failed to seek discretionary review, Singleton's appeal ended at that point, and he was unable to pursue review in the United States Supreme Court.  *See* Sup. Ct. R. 10(b) & 13 (requiring that petition for writ of certiorari be filed within 90 days of judgment of state court of last

resort). Singleton filed an application for post-conviction relief in the state court on July 15, 2009; the application was denied on September 10, 2009. He filed his section 2254 petition with this court on or about November 12, 2015.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Singleton did not sign his petition; however, the envelope attached to the petition indicates that it was stamped by the facility as "approved legal mail" on November 12, 2015. It was file-stamped by this court on November 18, 2015.

28 U.S.C. § 2244(d).  Because Singleton ended his appeal process by failing to seek review of the court of appeals' decision, his conviction became final when his time for seeking review expired.  28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).  Under Miss. R. App. P. 17(b), Singleton had fourteen days after his petition for rehearing was denied in which to petition for a writ of certiorari to the state supreme court.  Thus, his conviction became final on February 24, 2009 (fourteen days after February 10, 2009) and his one-year limitations period began to run on that day.  He had one year from that date, or until February 10, 2010, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court.  Under § 2244(d)(2), Singleton is entitled to 58 days of statutory tolling for the time period during which his state court post-conviction action was pending (July 15, 2009 through September 10, 2009).  Thus, his one year expired on April 23, 2010 (one year from February 24, 2009, plus 58 days), and his federal petition, filed on or about November 12, 2015, is untimely by over five years.

In his response to the motion, Singleton attempts to claim the advantages of 28 U.S.C. § 2244(d)(1)(D), which provides for a new "start date" for the running of the limitations period for claims based upon a newly-discovered factual predicate.  However, his argument consists of nothing more than unsupported allegations and vague references to "newly discovered evidence."  For example, he references test results that were never released by the state crime lab and contends that had these unspecified results been released, they would have exonerated him.  But he has not come forward with evidence of those results or offered any rational argument as to how they would

3

exonerate him.[2]  In his memorandum in support of his petition, he characterizes as "newly-discovered evidence" the following facts or allegations: His clothes did not have blood on them, Vann's clothes did have blood on them, and a screwdriver with which he confessed to having stabbed Dobbins was never found. [1-1] at 14.  However, he does not allege that the clothing items were unavailable at trial and have since been discovered.[3]  These unsupported allegations of newly-discovered evidence wholly fail to establish that he is asserting a claim based upon a factual predicate or new evidence that could not have been discovered earlier through the exercise of due diligence.  Singleton has failed to establish the timeliness of his petition under 28 U.S.C. § 2244(d)(1)(D).

Singleton also argues in his response to the motion that his petition should be considered in spite of its untimeliness because he is innocent of the crimes of conviction. An equitable exception to the one-year limitations period is available for a convincing case of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1934-35 (2013).  However, the standard for such a showing is demanding and applies only in cases in which new evidence shows that it is more likely than not that no reasonable jury, having the new

---

[2]The court of appeals opinion sheds some light on his allegations regarding test results.  During cross-examination by the defense, an investigator testified that blood splatter samples were taken from the scene of the crime and from the vehicle in which Singleton and his accomplices were traveling in order to compare the samples with blood samples from the victim.  However, the investigator explained that the state crime lab had not returned the results of these tests by the time of trial. *See Singleton*, 1 So. 3d at 933.

[3]At trial, an investigator testified regarding a "treasure hunt" during which Vann directed law enforcement officers to various locations where evidence was retrieved. That evidence included clothing items and a pair of blood-splattered women's shoes. *See Singleton*, 1 So. 3d at 933.  Thus, it appears that at least some of the clothing items referred to by Singleton were available at the time of trial.

evidence before them, would have convicted the petitioner. *Id.* at 1933. The support offered by Singleton for his claim of actual is innocence consists of nothing more than a general challenge to the sufficiency of the evidence to convict him and an allegation that he was convicted by falsified evidence. He has come forward with no newly-discovered evidence showing that it is more likely than not that no reasonable jury would have convicted him had they been presented with such evidence.

In short, Singleton has failed to establish the applicability of any exception or any other basis for allowing his untimely petition to be considered by this court.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 6th day of June, 2016.

                                                     /s/ F. Keith Ball
                                                     UNITED STATES MAGISTRATE JUDGE