IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHAWN M. SINGLETON**                                                                       PETITIONER

VS.                                          CIVIL ACTION **NO.2:15CV150KS-FKB**

**STATE OF MISSISSIPPI**                                                   RESPONDENT

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION</u>

This cause is before the Court on Petition of Shawn M. Singleton Pursuant to 28 U.S.C. § 2254 [1], Respondent's Motion to Dismiss pursuant to 28 U.S.C. § 2244(d) [7], and the Court considering same and also considering the Report and Recommendation filed June 6, 2016, by United States Magistrate Judge Keith Ball, does hereby find as follows.

## I. PROCEDURAL HISTORY

Singleton was indicted for the robbery and murder of 73-year-old Elmer Dobbins in a lawn mower repair shop behind Dobbins's house. The evidence at trial indicated that Singleton and Doris Vann had committed the crime and then, accompanied by a third individual, used the money for a drug and alcohol binge. Singleton was tried and convicted in the Circuit Court of Clarke County, Mississippi, and sentenced to a term of life imprisonment without parole. The Mississippi Court of Appeals affirmed Singleton's convictions and sentences on October 21, 2008. *Singleton v. State*, 1 So. 3d 930 (Miss. Ct. App. 2008). His petition for rehearing was denied on February 10, 2009. He did not file a petition for a writ of certiorari to the Mississippi Supreme Court. Because he failed to seek discretionary review, Singleton's appeal ended at that point, and he was unable to pursue review in the United States Supreme Court. *See* Sup. Ct. R. 10(b) & 13 (requiring that petition for writ of certiorari be filed within 90 days of judgment of state court of last resort). Singleton filed an application for post-conviction

relief in the state court on July 15, 2009; the application was denied on September 10, 2009. He filed his section 2254 petition with this court on or about November 12, 2015.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F. 2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such a review means that this Court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F. 2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F. 3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner's objections to the Magistrate's report do not address the finding that the petition was not filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a). His argument is that he has newly discovered evidence, and that had this evidence been seen by a jury, there is not any reasonable jury in the United States that would have convicted him. Petitioner however does not provide the Court with any of this newly discovered evidence. All he does is make an attempt to retry the case through his objection.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d).

Petitioner did not file his petition with this Court until November 12, 2015, over five years past the time required by statute. On top of Petitioner's untimely filing of his petition, he failed to provide the court with any newly discovered evidence that would support a new start date for the running of the limitations period for claims based upon newly discovered evidence. As stated by the Magistrate Judge, Petitioner has failed to establish the applicability of any exception for allowing his untimely petition to be considered by this court.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of

the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Petitioner's objection lacks merit and should be **overruled.** The Court further concludes that the Proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Keith Ball's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Respondent's Motion to Dismiss [7] is **granted** and the Petitioner's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

**SO ORDERED AND ADJUDGED** on this, the 6th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE